# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-20110
Summary Calendar

ALLAN THAN,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL SCHOOL AT HOUSTON;
M. DAVID LOW, Medical Doctor, Individually and in his Official
Capacity as President of the University; MARGARET C. McNEESE,
Medical Doctor, Individually and in her Official Capacity as
Associate Professor; DEAN OF STUDENT AFFAIRS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

September 27, 1999

Before POLITZ, DAVIS, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:

Allan Than is a former medical student at the University of Texas Health Science

Center at Houston. During his third year, two proctors observed him repeatedly looking at

another student's paper during a National Board of Medical Examiners' surgery examination.

A comparison of their examinations revealed identical answers to 88% of all questions

incorrectly answered. After a hearing, Than was expelled for academic dishonesty. He sued

in state court, challenging the sufficiency of the hearing. Ultimately, the Texas Supreme Court ruled in his favor, concluding that although Than was afforded "a high level of due process," his rights "were violated by his exclusion from a portion of the evidentiary proceedings."[1] To remedy the deficiency, the Texas Supreme Court ordered a new hearing which resulted in a finding that Than had cheated on the examination. This decision was affirmed by the President of the UT Health Science Center.

Alleging a violation of his federal constitutional due process rights, Than filed the instant action. The trial court held that Than's claims against the UT Health Science Center were precluded by the eleventh amendment; his claims against the individual defendants were barred by the doctrine of qualified immunity; and his claims against those defendants in their official capacities could not survive summary judgment under Fed. R. Civ. P. 56(c).

Our review of the record persuades that the trial court committed no reversible error. In so concluding, we rely largely on the trial court's thorough legal analysis. We briefly address, however, the contentions advanced by Than on appeal.

Contrary to Than's insistence, any defects of the first hearing are irrelevant; the Texas Supreme Court specifically held that any such defects would be cured by a second hearing. Our focus on this appeal are the procedural protections afforded Than in the second hearing.

In a shotgun approach Than contends that the second hearing fell below the standard required by due process. As defendants correctly note, his complaint is concerned less with

---

[1]**University of Texas v. Than**, 901 S.W.2d 926, 931-32 (Tex. 1995).

process than with substance. Than received ample notice of the charges and the evidence. The hearing officer, a professor at a different medical school, obviously was knowledgeable. He also was impartial; Than does not suggest otherwise. At the hearing, Than was represented by counsel, who called nine witnesses and introduced more than three score exhibits; cross-examined all adverse witnesses; and made an opening statement and closing argument. The UT Health Science Center offered the testimony of the proctors who had observed Than during the examination, and the testimony of a former director of testing services for the National Board of Medical Examiners who supported the statistical analysis relied upon by the UT Health Science Center. After considering testimonial and documentary evidence offered by both parties, the hearing officer rendered a well-reasoned and even-handed written opinion which we find supported by substantial evidence. We entertain no doubt that Than suffered no federal due process deprivation.[2] The academic institution made a reasoned judgment after a deliberate process in the sphere in which it is expert.

The appellate issue of qualified immunity is rendered moot by our conclusion that defendants did not violate any of Than's federal due process rights.

The judgment appealed is in all respects AFFIRMED.

---

[2]The contours of the federal due process right are fleshed out in **Mathews v. Eldridge**, 424 U.S. 319 (1976); **Goss v. Lopez**, 419 U.S. 565 (1975); **Jenkins v. Louisiana State Bd. of Educ.**, 506 F.2d 992 (5th Cir. 1975); **Ferguson v. Thomas**, 430 F.2d 852 (5th Cir. 1970).