**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 04-11447
Summary Calendar

BOBBY CHARLES JONES,

Plaintiff-Appellant,

versus

JAY PILLOW; et al.,

Defendants,

JAY PILLOW; DAMON JAMES; ROBERT NELSON; CITY OF WAXAHACHIE,

Defendants-Appellees.

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:02-CV-1825)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

For this 42 U.S.C. § 1983 action against the City of Waxahachie, Texas, and three of its police officers, arising from Bobby Charles Jones' arrest on a domestic abuse charge, Jones contests the summary judgment awarded defendants on his several claims discussed below, including for excessive force.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones asserts that, by failing to view the evidence in the requisite light most favorable to him, the summary judgment standard was incorrectly applied in determining probable cause existed for:  the warrantless entry; the search of his home; and his warrantless arrest.  The district court concluded that his entry and search claims were time-barred.  Jones does not dispute that ruling.  *See* **Summers v. Dretke**, 431 F.3d 861, 881 n.12 (5th Cir. 2005) (claims not briefed on appeal are abandoned).  For the arrest claim, Jones fails to cite any evidence that refutes defendants' probable-cause evidence.  *See* **Malacara v. Garber**, 353 F.3d 393, 405 (5th Cir. 2003).  Thus, he has not shown a genuine issue of material fact.  *See* **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **United States v. Carrillo-Morales**, 27 F.3d 1054, 1062 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

Next Jones asserts the defendant officers were *not* entitled to qualified immunity for the entry, search, and arrest claims.  Because Jones abandoned the warrantless entry and search claims, we need not address whether the officers were entitled to immunity for them.  *See* **Than v. Univ. of Tex. Med. Sch. at Houston**, 188 F.3d 633, 635 (5th Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000).  Likewise, we need not consider whether the officers have qualified immunity for the arrest claim because Jones has failed to show summary judgment was improper on the merits of that claim.  **Id.**

Jones also claims the City is liable because the defendant officers were ignorant of basic Fourth Amendment principles, proving the City failed to adequately train and supervise them. He does *not* present evidence concerning the substance of the training or supervision. As discussed *supra* and *infra*, he fails to show an underlying constitutional violation. Furthermore, he offers no evidence that the City's official policy makers were actually or constructively aware of a policy against adequately training and supervising, such that they were deliberately indifferent towards the constitutional rights of persons who came into contact with the police. Accordingly, Jones has failed to establish a genuine issue of fact material to his claim for municipal liability. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996); *see also Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir.)(conclusory allegations and a mere scintilla of evidence are insufficient to defeat a summary judgment motion), *cert. denied*, 531 U.S. 926 (2000).

Finally, Jones claims the district court erred in determining that the statute of limitations on his excessive-force claim ran from date of his injury, and that his claim was time barred as a result. He maintains the claim did not accrue until he was acquitted. This contention was rejected in *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892, 894 n.8 (5th Cir. 2005).

**AFFIRMED**

3