## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2011

No. 11-40160

Lyle W. Cayce
Clerk

MOHAMMED A. ALY,

Plaintiff - Appellant

v.

CITY OF LAKE JACKSON,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 3:09-CV-274

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

We AFFIRM the district court's grant of summary judgment for Defendant City of Lake Jackson on the ground that Plaintiff Mohammed A. Aly's complaint was barred by the statute of limitations.

Aly operates a retail store in Lake Jackson.  On two occasions in October 2006, the City's police department sent a person to pose as a customer at Aly's store and to make purchases using a credit card with someone else's name on it.  Aly allowed the person to use the credit card to make the purchases.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40160

Under Texas law, furnishing goods to someone using a credit card in someone else's name and without the cardholder's consent, with the intent to defraud the card issuer or cardholder, constitutes the crime of "credit card abuse." Tex. Pen. Code § 32.31(b)(10). On January 26, 2007, Aly was arrested and charged with credit card abuse; the following day he was released on bond; and on March 31, 2008, the charges against him were dismissed.

On November 16, 2009, Aly filed a complaint in federal district court. His complaint alleged, in pertinent part, that the City:

> violated 42 U.S.C. Sec. 1983 by engaging in, or tolerating a governmental policy or custom of depriving certain classes of citizens, including plaintiff, of constitutional right to equal protection of the laws. The governmental policy or custom of which plaintiff complains was a policy or custom of targeting minority classes, including plaintiff, for prosecution and which resulted in a deprivation of his constitutional right to equal protection of the laws.

Aly's complaint also asserted "state law claims of malicious prosecution and false imprisonment." However, Aly later stipulated that he was no longer pursuing those claims.

The City moved for summary judgment, contending that Aly's complaint was barred by the statute of limitations. It is undisputed that the applicable statute of limitations for § 1983 claims is the state's general personal injury limitations period, which in Texas, is two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("[T]he length of the statute of limitations" for § 1983 claims "is that which the State provides for personal-injury torts."); Tex. Civ. Prac. & Rem. Code § 16.003(a). The City argued that Aly's claim accrued at the latest on January 27, 2007, when Aly was released on bond, and thus, Aly's complaint, which was filed on November 16, 2009, was untimely. Aly argued that his complaint was timely because his claim accrued when the criminal charges were dismissed on March 31, 2008. The district court held that Aly's claim accrued

2

No. 11-40160

when he was arrested on January 26, 2007, and thus, that his complaint was barred by the two-year statute of limitations. Aly timely appealed.

"We review the district court's conclusion that [Aly's] claim is time-barred *de novo.*" *Mapes v. Bishop*, 541 F.3d 582, 583 (5th Cir. 2008) (citing *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005)).

The only issue in this appeal is when Aly's § 1983 cause of action accrued. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is . . . governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (alteration in original) (internal quotation marks and citations omitted). It is necessary, then, to first determine the common law "tort [that] provides the proper analogy to the cause of action asserted." *Id.* at 389 (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* §§ 11, 119, at 54, 885-886 (5th ed. 1984)).

If Aly's cause of action is analogous to the common law tort of malicious prosecution, then his complaint would have been timely because a malicious prosecution claim only accrues once the criminal charges are dismissed. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (citing *Prosser and Keeton*, *supra*, § 119, at 874)). However, Aly's claim is not analogous to malicious prosecution because the claim of malicious prosecution requires proof "that the criminal proceeding was initiated or continued by the defendant without 'probable cause.'" *Prosser and Keeton*, *supra*, § 119, at 876; *see also Heck*, 512 U.S. at 484 & n.4; *id.* at 494 (Souter, J., concurring in the judgment). "This is true even though the defendant is found to have acted with 'malice,' [i.e.,] for an improper purpose . . . ." *Prosser and Keeton*, *supra*, § 119, at 876. Here, Aly has *not*

alleged that the City initiated or continued the criminal proceedings against him without probable cause. Instead, Aly has only asserted that the City targeted and prosecuted him for an improper purpose, i.e., because of his ethnicity. Therefore, Aly's claim is not analogous to malicious prosecution.

Aly's cause of action is, however, analogous to the common law tort of abuse of process.

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause.

*Prosser and Keeton*, *supra*, § 121 at 897 (footnotes omitted); *see also Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) ("In contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." (internal quotation marks omitted)). This tort provides a better analogy for Aly's claim than malicious prosecution. *See Heck*, 512 U.S. at 495 n.2 (Souter, J., concurring in the judgment) ("[D]epending on the nature of the underlying right alleged to have been violated (consider, for example, the right not to be selected for prosecution solely because of one's race), the tort of abuse of process might provide a better analogy to a § 1983 claim for unconstitutional conviction or confinement than the malicious-prosecution tort." (citing *Prosser and Keeton*, *supra*, § 121 at 897)).

Thus, Aly's claim accrued on January 26, 2007, when he was arrested and charges against him were brought. *See Wallace*, 549 U.S. at 388 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present

cause of action."); *Prosser and Keeton*, *supra*, § 121 at 897 ("[I]n an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or in the course of a proceeding begun without probable cause."); *see also Rose*, 871 F.2d at 350 ("[A] section 1983 claim for false arrest accrues on the date of the arrest, as does a section 1983 claim for abuse of process, because on that date a plaintiff would have reason to know of the injury which those two torts encompass." (internal quotation marks omitted)). Aly's complaint, however, was not filed until November 16, 2009, more than two years after his claim accrued. Therefore, Aly's complaint is barred by Texas' statute of limitations.

On appeal, Aly's attorney asserts that his claim did not accrue until March 31, 2008, when the criminal charges against him were dismissed. However, Aly's attorney fails to provide any argument to support that contention, and fails to cite any case law or even to distinguish the cases that the district court relied on in granting summary judgment. Therefore, Aly's attorney has waived that contention. Fed. R. App. P. 28(a)(9)(A) (Appellant's brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *see also United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000) (where a party fails to adequately brief an issue, the issue is waived).

The judgment of the district court granting summary judgment for the City is AFFIRMED.