# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

No. 11-41082
Summary Calendar

Lyle W. Cayce
Clerk

JOHN HUMPHREYS,

Plaintiff-Appellant

v.

CITY OF GANADO, TEXAS; NORMAN GLAZE, Chief; RODNEY ROBERSON, Officer; GANADO POLICE DEPARTMENT; OTHER UNKNOWN POLICE OFFICERS OF THE GANADO POLICE DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 6:10-CV-00050

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John Humphreys appeals the district court's grant of a motion to dismiss in favor of Defendants-Appellees City of Ganado, Ganado Police Department, Chief Norman Glaze, Officer Rodney Roberson, and other

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in FIFTH CIR. R. 47.5.4.

No. 11-41082

unknown officers of the Ganado Police Department ("Defendants-Appellees"). We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the facts as alleged by Plaintiff-Appellant Humphreys, Humphreys was driving an electric car in July 2005 when the steering suddenly locked-up. As a result, the car went off the road and into a nearby ditch. Humphreys then parked the car in a school parking lot and walked home. Soon after, Officer Roberson came to Humphreys's home and began talking to Humphreys through an open window. While Roberson and Humphreys were talking through the window, other police officers entered Humphreys's home and tackled him. Humphreys was then placed under arrest and was detained while Officer Roberson and Chief Glaze, as well as several other officers, searched his home. Humphreys was indicted on charges of attempted murder and aggravated assault with a deadly weapon in July 2005, although these charges were dismissed due to insufficient evidence in July 2009.

On June 29, 2010, Plaintiff-Appellant Humphreys filed suit, bringing claims under both state and federal law. Specifically, he brings federal claims against all of the Defendants-Appellees under 42 U.S.C. § 1983 for unreasonable search and seizure, excessive force, and false arrest. He also brings Texas state-law claims against Defendants-Appellees Glaze and Roberson for assault and battery and false arrest, and against the City and Police Department of Ganado for malicious prosecution. Finally, he seeks an injunction enjoining the state from re-indicting him for the same offenses.

The Defendants-Appellees filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that all of the claims were either barred by the statute of limitations or by sovereign immunity. For his part, Plaintiff-Appellant Humphreys filed a motion for partial summary judgment, requesting that the district court rule there were issues of material fact on both the sovereign

No. 11-41082

immunity and statute of limitations defenses. The district court granted the Defendants-Appellees' motion to dismiss and denied Humphreys's motion for summary judgment, finding: (1) that the state and federal claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest were all barred by the statute of limitations; (2) that the state malicious prosecution claim was barred by state sovereign immunity; and (3) that the claims for injunctive relief failed because Humphreys did not allege facts constituting a danger of irreparable harm.[1] On appeal, Humphreys argues that all of the district court's holdings were in error.

## STANDARD OF REVIEW

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). *Ballard v. Wall*, 413 F.3d 510, 514–15 (5th Cir. 2005). We accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). We also review issues of law, such as rulings on statutes of limitations and immunity, under a de novo standard of review. *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (sovereign immunity); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (statute of limitations).

## ANALYSIS

First, the district court dismissed all of Humphreys's claims for relief, aside from his state-law malicious prosecution claim, as untimely filed.[2] The

---

[1] Plaintiff-Appellant Humphreys later filed a motion for a new trial under Federal Rule of Civil Procedure 59, which the district court construed as a motion to reconsider and denied because Humphreys presented no new arguments. Humphreys does not appeal the denial of that motion.

[2] The district court analyzed the state and federal claims for excessive force, assault and battery, false arrest, false imprisonment, and unreasonable search and seizure together,

No. 11-41082

limitations period for a claim brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (per curiam). Thus, Texas law would govern in this case. The parties do not dispute that the claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest are all governed by a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *see also Schaefer v. Gulf Coast Regional Blood Cntr.*, 10 F.3d 327, 331 (5th Cir. 1994) (stating that claims for personal injury are governed by a two-year statute of limitations period under Texas law); *Gartrell v. Gaylor*, 981 F.2d 254, 256–57 (5th Cir. 1993) (same).

Although the statute of limitations is governed by Texas law, federal law determines when a cause of action under Section 1983 accrues. *Gartrell*, 981 F.2d at 257. "Ordinarily, a cause of action under [S]ection 1983 accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Price*, 431 F.3d at 893 (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)); *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) (same). Here, Humphreys became aware of the injuries upon which his claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest are based on the day that those injuries occurred. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (stating that the limitation period begins to run "when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" (quotation omitted)); *Piotrowski*, 237 F.3d at 576 (stating that a cause of action accrues when a

and dismissed all of the corresponding state claims when it found that the federal claims were untimely. Plaintiff-Appellant Humphreys does not argue on appeal that the state-law claims have a different limitations period or that the date of accrual of these claims is different. Thus, he waives any argument that the state claims should be treated differently than the corresponding federal claims. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995) (stating that argument is waived on appeal by failure to adequately raise it).

No. 11-41082

plaintiff knows of the existence of an injury and the connection between the injury and the defendant's actions). The existence of the various claimed injuries here did not depend on the outcome of the subsequent criminal proceedings. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (a cause of action accrues when a plaintiff has "a complete and present cause of action" (quotation omitted)). Additionally, the statute of limitations on Humphreys's claim for false arrest began running, at the latest, when he was indicted in July 2005. *See Wallace*, 549 U.S. at 391 (stating that the tort of unlawful arrest ends when the victim becomes detained pursuant to legal process); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (same) (per curiam).[3] Thus, the statute of limitations period began running in July 2005 on all of these claims, and it had expired approximately three years prior to the filing of this lawsuit in June 2010. Accordingly, all of the state and federal claims, with the exception of the state-law claim for malicious prosecution, were properly dismissed as untimely.

Second, Plaintiff-Appellant Humphreys argues that the City and Police Department of Ganado are not entitled to sovereign immunity because municipalities may be sued for damages under 42 U.S.C. § 1983. As we already noted, all of Humphreys's claims—aside from the Texas state-law malicious prosecution claim—are barred by the statute of limitations. Thus, the immunity defense is only relevant to the remaining malicious prosecution claim. Contrary to Humphreys's assertion on appeal, he only brings a state-law claim for malicious prosecution and he never alleged a federal malicious prosecution claim

---

[3] Although repeatedly citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978), in support of his municipal liability claims, Humphreys fails to present any argument explaining why the accrual of the statute of limitations on his municipal liability claims should be treated differently than the accrual of his claims against the individual officers. *See Piotrowski*, 237 F.3d at 567–77 (discussing accrual of a cause of action against a muncipality when relevant facts regarding municipal involvement were not available at time of injury).

No. 11-41082

below.[4]  Thus, because Humphreys only brings a state malicious prosecution claim, his argument that state immunity defenses do not apply to federal constitutional claims is not relevant.  Further, Humphreys may not now assert new claims for relief on appeal.  *Stewart Glass & Mirror, Inc. v. U.S. Auto. Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").  Therefore, we limit our analysis to the application of state sovereign immunity to Humphreys's state-law claim for malicious prosecution.

The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities.  TEX. CIV. PRAC. & REMS. CODE ANN. § 101.021; *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374–76 (Tex. 2006).  However, under the Act, immunity is expressly preserved for claims of intentional torts.  TEX. CIV. PRAC. & REMS. CODE ANN. § 101.057(2); *Texas Dep't. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).  Given that malicious prosecution is an intentional tort, the municipal Defendants-Appellees are entitled to immunity on this claim.  *See, e.g.*, *Poole v. City of Killeen*, 999 F.2d 1580, 1580 (5th Cir. 1993) (unpublished) (stating that malicious prosecution is an intentional tort); *Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App–Houston [1st Dist.] 1995, no writ) (same); *Closs v. Goose Creek Consol. Indep. Sch. Dist.*, 874 S.W.2d 859, 869 (Tex. App.–Texarkana 1994, no writ)

---

[4] In his complaint Humphreys never alleges a claim for malicious prosecution under federal law; instead, he only lists that cause of action as a state-law claim.  Further, in his motion to reconsider, Humphreys never argued or informed the district court that he believed that it failed to consider a federal claim for malicious prosecution.  Moreover, because Humphreys did not bring a federal malicious prosecution claim, we need not determine whether a federal malicious prosecution claim is cognizable under these circumstances.  *See generally Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc) (discussing limited nature of federal malicious prosecution claims).

No. 11-41082

(same). Therefore, the district court properly dismissed this claim as barred by state immunity.[5]

Finally, Plaintiff-Appellant Humphreys argues that the district court should not have dismissed his claim for injunctive relief. In this claim, Humphreys seeks an injunction barring the state from re-indicting him for the same offenses. Humphreys, however, lacks standing to seek an injunction because he fails to allege any facts or circumstances showing that there is "a real and immediate threat that he w[ill] again" suffer a similar injury in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011) (same). Indeed, it is textbook law that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . . " *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *see also Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (denying prospective relief where plaintiff sought order barring future proceedings where there was no threat of future suit); *Johnson v. Moore*, 958 F.2d 92, 94–95 (5th Cir. 1992) (same). Here, Humphreys lacks standing to seek an injunction against future prosecution for the same conduct because he alleges no facts indicating that such prosecution is likely, or even threatened. Indeed, any threat of future prosecution is highly speculative. Therefore, the district court also properly dismissed this claim.[6]

---

[5] Humphreys also confusingly mentions his claim for intentional or reckless infliction of emotional distress in his briefing. To the extent that Humphreys is arguing that dismissal of this claim was inappropriate, the argument is waived because it was not presented to the district court.

[6] In dismissing this claim, the district court relied on *Younger* abstention. However, because Plaintiff-Appellant Humphreys does not, more fundamentally, even have standing to sue for injunctive relief, we need not determine whether *Younger* abstention applies in this case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (stating that a federal court must always consider its jurisdiction).

No. 11-41082

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.