# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41346

CHRISTIAN MORRILL,

>   Plaintiff - Appellant

v.

CITY OF DENTON, TEXAS; DONNIE DALE CARR; CHRISTOPHER MURPHY; CRAIG FITZGERALD; RONNY CRAIN,

>   Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-749

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

According to Christian Morrill, in August 2012 he and his apartment manager were arguing when defendant police officers arrived. After he disclosed that he was armed with a knife, the officers instructed him to lay face down on the ground with his hands behind his back, and, after he complied, kicked and tased him "without provocation or justification of any sort." "At no

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41346

point," the complaint says, "did Plaintiff lash out, fight, or in any way attempt to physically confront [the] officers."

The state charged Morrill with unlawful possession of a weapon and resisting arrest. Morrill says he immediately agreed to plead guilty to the weapons charge, but "steadfastly refused to even discuss [the] possibility of agreeing . . . that he in any way, shape, or form resisted arrest." In March 2014, pursuant to a plea bargain, Morrill pleaded *nolo contendre* to the weapons charge and the state dismissed the resisting arrest charge.

About eight months later, on November 19, Morrill filed this civil rights case, alleging the officers used excessive force during the August 2012 incident. Finding the two-year statute of limitations for such a claim had run, the district court dismissed the excessive force claim against all Defendants.[1]

The statute of limitations for a section 1983 claim is determined by the forum state's limitations period for personal injury torts. *Wallace v. Kato*, 549, U.S. 384, 387 (2007). In Texas that is two years from the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.,* 10 F.3d 327, 331 (5th Cir. 1994). So if Morrill's claim accrued the day the officers allegedly used excessive force, then the statute of limitations expired in August 2014, months before he filed his complaint.

Morrill disputes the date of accrual. He argues his claim did not accrue until the state dismissed a resisting arrest charge against him in March 2014. Federal law determines when a section 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *see also Manuel v. City of Joliet*, 137 S. Ct. 911, 920–21 (2017) (addressing the process for analyzing

---

[1] Morrill also brought other claims that the district court dismissed. Morrill does not challenge those dismissals.

2

No. 16-41346

accrual of section 1983 claims: "In applying, selecting among, or adjusting common-law approaches, courts must closely attend to the values and purposes of the constitutional right at issue"). It does so when the plaintiff has "a complete and present cause of action." *Wallace*, 549 U.S. at 388; *see Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995) (stating that a cause of action accrues when a plaintiff is aware, or should be aware, of the existence of the injury and the connection between the injury and the defendants' actions).

An excessive force claim generally accrues on the date when the force is inflicted. *See Price v. City of San Antonio*, 431 F.3d 890, 893–94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016) ("[Plaintiff's] claims accrued [on] the date he alleges he was subjected to excessive force."). Morrill tries to distinguish his case because he was charged with resisting arrest. He contends his cause of action did not accrue until the resisting arrest charge was dismissed because: (1) the charge was "fraudulent concealment" that kept him from knowing of his injury; (2) his excessive force claim is analogous to a malicious prosecution claim, which does not accrue until the underlying prosecution ends; and (3) although he knew he had been hurt when the excessive force occurred, he did not know the force was excessive as a constitutional matter until the charge was dismissed.

We reject his attempts to avoid the normal accrual rule. First, the resisting arrest charge did not conceal facts necessary to Morrill's cause of action. For fraudulent concealment to toll a limitations period, a plaintiff cannot be aware of the critical facts underlying a cause of action and must instead reasonably rely on a defendant's deception that obscures those facts. *Mitchell v. U.S. Customs Serv.*, 24 F.3d 239, 239 (5th Cir. 1994). Even if Defendants were deceptive, Morrill's complaint does not allege facts showing he reasonably relied on the resisting arrest charge to conclude that the officers

did not use excessive force.  Instead, his complaint alleges he knew the critical facts all along: he did not resist arrest and complied with officer commands, yet officers kicked and tased him "without provocation or justification."  It says he immediately and at all times "steadfastly refused to even discuss [the] possibility of agreeing . . . that he in any way, shape, or form resisted arrest."

Second, Morrill's excessive force claim is not analogous to a malicious prosecution claim.  A malicious prosecution claim only accrues once the criminal charges are dismissed because an element of that tort is the termination of a criminal prosecution in the plaintiff's favor.  *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc); *Aly v. City of Lake Jackson*, 453 F. App'x 538, 539 (5th Cir. 2011).  Thus, no cause of action exists until the prosecution is resolved.   The same is not true of a section 1983 excessive force claim, which can be brought whether or not the defendant is prosecuted for resisting arrest.  *See Bush v. Strain*, 513 F.3d 492, 499 (5th Cir. 2008).  We have repeatedly held that a pending criminal charge does not delay accrual of an excessive force claim arising out of an arrest for that charge.  *See, e.g.*, *Price,* 431 F.3d at 894 n. 8 (pending charge for interfering with public duties by interfering with an officer's weapon did not keep excessive force claim from accruing); *Humphreys v. City of Ganado*, 467 F. App'x 252, 255 (5th Cir. 2012) (plaintiff "became aware of the injuries upon which his claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest [we]re based on the day that those injuries occurred," not when charges of attempted murder and aggravated assault with a deadly weapon were dismissed due to insufficient evidence); *Jones v. Pillow*, 189 F. App'x 304, 306 (5th Cir. 2006) (excessive force claim accrued on the date of alleged force and not when plaintiff was acquitted of domestic abuse charge).

Morrill claims this case is different because resisting arrest is more closely linked with the amount of force an officer may lawfully use than was

No. 16-41346

true for the crimes in these prior cases. Determining whether force is excessive does require consideration of whether a plaintiff was "actively resisting arrest." *Graham v. Connor,* 490 U.S. 386, 396 (1989). But we do not see why this makes a difference. Even if Morrill's excessive force claim would call into question a conviction for resisting arrest, mere pending charges would not prevent the claim from accruing. *See Wallace*, 549 U.S. at 388–93.[2] And, as discussed above, Morrill was aware of the factual basis for his claim long before the state dismissed the resisting arrest charge, and the existence of his claim, unlike the existence of a malicious prosecution claim, "did not depend on the outcome of the subsequent criminal proceedings." *Humphreys*, 467 F. App'x at 255.

Finally, Morrill argues that although he was aware of his personal injury in August 2012, he had no actionable constitutional claim until the resisting arrest charge was dismissed. He cites no caselaw for this proposition, and this court has long held that a plaintiff need only know the facts underlying a cause of action for accrual to begin, not that a claim is legally viable. *See Piotrowski,* 51 F.3d at 516; *Conroy v. Rider*, 575 F. App'x 509, 509 (5th Cir. 2014). Morrill's constitutional injury was complete on the day the alleged excessive force took place. His section 1983 claim thus accrued in August 2012, more than two years before he filed suit.

**\* \* \***

The judgment is AFFIRMED.

---

[2] Morrill does not claim a *Heck v. Humphrey*, 512 U.S. 477 (1994), bar prevented his claim from accruing, and cannot do so after *Wallace*, because his claim did not challenge the validity of an existing conviction. *Wallace,* 549 U.S. at 393.