# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50274

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2019

Lyle W. Cayce
Clerk

ROBERTO GARCIA,

      Plaintiff - Appellant

v.

SAN ANTONIO, TEXAS; SAN ANTONIO POLICE DEPARTMENT; CITY
OF SAN ANTONIO; JULIO ORTA, San Antonio Police Officer, #1079,
Individually and in his Official Capacity; CHIEF WILLIAM MCMANUS,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-1175

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:*

    Roberto Garcia was arrested for a DWI and detained for sixteen months
before the charges were dismissed. After his release, Garcia filed a lawsuit pro
se in federal district court under 42 U.S.C. § 1983, asserting federal
constitutional and related state law claims. The district court determined that
Garcia's claims accrued when he was arrested and were time-barred under the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-50274

relevant statute of limitations. On appeal, Garcia asks the court to find that his claims accrued when the charges against him were dismissed and are timely.

## I.

Garcia alleges that he was arrested without probable cause on July 17, 2014 after police officers found him sleeping in a car parked on the side of the road on private property. He claims Officer Julio Orta had no evidence to substantiate his suspicion that Garcia had been driving while intoxicated but arrested Garcia anyway. The morning after his arrest, Garcia was brought before a magistrate who set his bond at $75,000, which Garcia could not afford. Garcia alleges that his continued detention was based on a false police report, which stated that Garcia had driven a vehicle while intoxicated, even though Officer Orta had not witnessed such behavior. Garcia also alleges that a video showing that his car was on private property and was not moving when officers arrived on the scene was purposefully withheld. According to Garcia, these actions were undertaken (1) to retaliate against him for an earlier lawsuit Garcia filed against "a brother officer" and (2) to benefit from the San Antonio Police Department's policy of offering financial incentives to officers who make at least one alcohol-related arrest each shift.

On December 4, 2015, after months in detention, the charges against Garcia were dismissed for lack of probable cause. Less than a year later, on November 21, 2016, Garcia filed this lawsuit against the City of San Antonio, the San Antonio Police Department, Officer Orta, and Chief William McManus. Defendants-Appellees filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which the district court granted in their favor. Garcia timely appealed the dismissal of his Fourth Amendment claim, and the court appointed him counsel.

No. 18-50274

## II.

The court reviews de novo the dismissal of a complaint under Rule 12(c). *Aly v. City of Lake Jackson,* 453 F. App'x 538, 539 (5th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (internal citation omitted); *see also Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir. 2010) (holding that the standard for deciding a Rule 12(c) motion is the same as for deciding a Rule 12(b)(6) motion). This said, a pro se complaint will be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.

In its order granting Defendants-Appellees' Rule 12(c) motion, the district court held that Garcia's federal claims were barred under the relevant statute of limitations. Quoting *Wallace v. Kato,* 549 U.S. 384, 397 (2007), the district court explained that "[f]or a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where criminal proceedings follow the arrest, the statute of limitations 'begins to run at the time the claimant becomes detained pursuant to legal process.'" Because Garcia was arrested on July 17, 2014—and because the statute of limitations for § 1983 lawsuits filed in the Texas federal court is two years—Garcia's § 1983 claims filed on November 21, 2016 were time-barred. The district court also rejected Garcia's argument that equitable tolling should apply when a false arrest claim relates to a "§ 1983 prosecution claim," relying on *Mapes v. Bishop,* 541 F.3d 582, 583–84 (5th Cir. 2008). Finally, the district court declined to exercise supplemental jurisdiction over Garcia's remaining state law claims for malicious prosecution and intentional infliction of emotional distress, dismissing them without prejudice.

The district court correctly determined that Garcia's claim seeking damages for his arrest without probable cause is time-barred. *Wallace,* 549 U.S. at 397; *Mapes*, 541 F.3d at 584. A detention instituted in the absence of legal process is akin to the tort of false arrest and accrues upon arrest. *Mapes,* 541 F.3d at 584. Garcia argues that a different accrual rule should apply. Since his arrest did not require a warrant, Garcia contends, he was arrested pursuant to wrongful legal process—not without legal process. This is incorrect. Legal process commences when "a judge (or grand jury) first makes a reliable finding of probable cause." *Manuel v. City of Joliet,* 137 S. Ct. 911, 919 (2017) (citing *Gerstein v. Pugh,* 420 U.S. 103, 117 n.19 (1975)). Arrests made without arrest warrants can be lawful, but they are not made subject to "legal process" under this definition. The Supreme Court's decision in *Manuel* supports this conclusion. There, the Court considered the claims of a petitioner who was arrested without a warrant after a search of his person uncovered allegedly illicit pills. *Manuel,* 137 S. Ct. at 919. Though the arrest may not have required a warrant, legal process did not kick in until the petitioner appeared before a magistrate judge. *Id.* at 919–20; *cf. Winfrey v. Rogers,* 901 F.3d 483, 492–93 (5th Cir. 2018) (holding that an arrest supported by an arrest warrant commenced legal process because the warrant was premised on a judge's probable cause finding).

In Garcia's case, a judge first made a probable cause finding when Garcia appeared in court the morning after his arrest. This is the point at which legal process commenced. Logically, then, Garcia's arrest the night before took place without legal process. Consequently, his claim for false arrest accrued when he was arrested and, therefore, is time-barred.

Our analysis does not end here because Garcia also alleges that he was unlawfully detained for sixteen months after legal process commenced when

he appeared before the magistrate judge. The Fourth Amendment protects against pretrial detention instituted pursuant to wrongful legal process. *Manuel,* 137 S. Ct. at 919–20. Legal process "goes wrong" when a probable cause determination is baseless, such as when "a judge's probable-cause determination is predicated solely on a police officer's false statements." *Id.* at 919. Garcia's complaint alleges that he "was brought before a magistrate judge," and, based on Officer Orta's "false police report that [Garcia] drove a vehic[le] while intoxicated which [Officer Orta] had never witnessed," Garcia "was given a $75,000 bond." Garcia then "lost years and months illegally detained" until "the prosecutor dismissed the alcohol related charge on Dec. 4, 2015." These allegations, construed liberally, sufficiently state a claim for pretrial detention pursuant to wrongful legal process under the Fourth Amendment. *Manuel,* 137 S. Ct. at 919.

This court has previously addressed the timeliness of a complaint filed by an individual who was detained pursuant to wrongful legal process. *Winfrey,* 901 F.3d at 492. In *Winfrey*, legal process commenced when the plaintiff was arrested pursuant to an arrest warrant that was based on "reckless misstatements and omissions" in an officer's probable cause affidavit. *Id.* The court determined that claims for detention pursuant to the "wrongful institution of legal process" are more akin to malicious prosecution than false arrest, so such claims accrue when criminal proceedings end in a plaintiff's favor. *Id.* at 493. Though somewhat distinct in its facts, *Winfrey*'s integrated analysis of *Wallace* and *Manuel* applies here as well: Garcia's claim for detention caused by the wrongful institution of legal process accrued when criminal proceedings ended in his favor on December 4, 2015. Because Garcia filed his complaint less than two years later, this claim was timely.

No. 18-50274

For the foregoing reasons, we AFFIRM IN PART and VACATE IN PART the district court's dismissal of the case under Rule 12(c). We AFFIRM the dismissal of Garcia's challenge to his arrest, but we VACATE the district court's dismissal of Garcia's challenge to his sixteen-month detention after his appearance before the magistrate judge. We hold that this claim was timely. As such, this case is REMANDED to the district court for further proceedings consistent with this opinion.