# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50535

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2013

Lyle W. Cayce
Clerk

CARLOS C. HERNANDEZ,

Plaintiff-Appellant

v.

KENNETHA TISDALE, Board of Pardons and Paroles, also known as Kenneth Tisdale; PAROLE DIVISION REPRESENTATIVE, Buza; JOHNNY RERES, Program Specialist I; RISSIE OWENS, Board of Pardons and Paroles, also known as Riggie Owens,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-89

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos C. Hernandez, Texas prisoner # 1747746, moves to proceed in forma pauperis (IFP) to appeal the dismissal as frivolous of his 42 U.S.C. § 1983 complaint. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e) on the basis that the complaint was time barred. The district court certified that the appeal had not been taken in good faith and denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez permission to proceed IFP. Hernandez argues that the limitations period was tolled pursuant to the continuing tort doctrine.

By moving to proceed IFP, Hernandez is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations those claims are properly dismissed" as frivolous. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Review of the dismissal is for an abuse of discretion. *Id.* Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period.[1] *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, the applicable imitations period is two years. *See Price*, 431 F.3d at 892. Hernandez's contention that the Texas Legislature amended the limitations period to three years is baseless. *See* TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a).

Although Texas law governs the length of the limitations period and the tolling exceptions, federal law governs the issue when a cause of action accrues. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). A cause of action under

---

[1] We borrow the forum state's statute of limitations unless the cause of action was "made possible by a post-1990 [Congressional] enactment," in which case the 4-year, residual limitations period of 28 U.S.C. § 1658 would apply. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). As no claim is raised here that would invoke that exception, Texas's limitations period applies.

No. 13-50535

§ 1983 accrues when the aggrieved party knows, or has reason to know, of the injury or damages which form the basis of the action. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Id.*

In cases involving a continuing tort, the tortious conduct continues to effect additional injury to the plaintiff until that conduct ceases. *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (2007). In such cases, the cause of action does not accrue until the wrongful conduct has stopped. *Id.* Hernandez's civil rights claims dealt with facts surrounding his 2009 release to parole, with his alleged injuries stemming from the failure of the defendants to release him outright without conditions on December 1, 2009, and the mandatory registration and counseling requirements imposed on him as a sex offender. Hernandez has simply not pleaded facts showing that the alleged wrongful conduct was continuing or that the alleged wrong continued to effect additional injury. *See Gen. Universal Sys., Inc.*, 500 F.3d at 451. Hernandez does not otherwise dispute the district court's finding that his cause of action accrued in December 2009; therefore, he has shown no abuse of discretion in its dismissal of his November 2012 complaint as time barred.

Hernandez's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Hernandez's § 1983 complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The dismissal of this appeal as frivolous also counts as a strike. *See id.* Hernandez is warned that if he accumulates three strikes, he will not be able

to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.