# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50940
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

JOHN SHELBY,

Plaintiff-Appellant,

v.

CITY OF EL PASO, TEXAS; JOHN DOES 1–5,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-200

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant John Shelby sued the City of El Paso, Texas (City) for its involvement in the misreporting of Shelby's criminal history over the last seventeen years because of a mix-up with Shelby's information and a felon's information. The district court dismissed the majority of Shelby's claims, denied Shelby leave to amend his complaint, and granted summary judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50940

on the remaining claims. Shelby challenges various aspects of these decisions. For the reasons discussed herein, we AFFIRM.

## FACTS AND PROCEEDINGS

In 1991, Shelby was arrested by the El Paso Police Department (EPPD) and charged with criminal trespass. The charge was dismissed and Shelby was released. However, the EPPD had recorded Shelby's name and other personal identifying information as part of Shelby's arrest.

Shelby's employer, the Tigua Indian Reservation Casino, conducted a background check on Shelby on December 1, 1997. This background check indicated that Shelby was incarcerated in the El Paso County jail at the time of the check. As a result, Shelby was fired. On December 2, 1997, Shelby visited the EPPD Records Department and was shown pictures of the person who had allegedly used his name. It was determined that this person was Jason Newton and the EPPD Records Department assured Shelby that the mix-up was fixed and the cause of it was unknown. Shelby was given a paper that disclaimed any crimes committed by Newton as his.

Shelby eventually obtained employment at the United States Post Office in Suffolk, Virginia. However, on June 27, 2002, a background check conducted by his employer again indicated that Shelby had a criminal record, including a number of felony convictions. He was fired for dishonesty and became homeless as a result. Shelby subsequently took various jobs, but nothing that required a background check. When he received an offer to manage a pizza business, a background check was conducted revealing new convictions on his record.

Shelby called the EPPD Records Department repeatedly. He was put in touch with Senior Latent Fingerprint Examiner, Mr. Bruce Orndorff. Orndorff sent Shelby two letters, in 2005 and 2007, confirming that Shelby had not committed the crimes identified as his.

No. 13-50940

Eventually, an Assistant District Attorney attempted to expunge Shelby's record. When Shelby received paperwork related to this expunction in January 2009, he determined that the EPPD had been responsible for inserting his personal information from the 1991 arrest report into the arrest records of Newton. Additional background checks performed by KTSM News in 2010 and the Virginia Pilot Newspaper in 2011 continued to show Newton's felonies as associated and committed by Shelby.

On May 29, 2012, Shelby filed this instant lawsuit against the City and five unnamed John Does.[1] He alleged that the City's actions constituted (1) violations of the Fourteenth Amendment to the Constitution, entitling him to relief under 42 U.S.C. § 1983, and (2) violations of the Equal Protection Clause of the Texas Constitution. He also sought declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 & 2202. The City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court referred to a Magistrate Judge for a Report and Recommendation. Shelby filed objections to this Report and Recommendation. He also filed a motion for leave to amend his complaint and add El Paso County (County) as a defendant.

The district court rejected in part, modified in part, and adopted in part this Report and Recommendation, dismissing Shelby's § 1983 claims arising out of alleged transmission made prior to 2010, Shelby's Texas Constitution claims, and declaratory/injunctive relief claims. The only claims remaining

---

[1] Shelby previously filed two similar lawsuits against the City of El Paso. In December 2010, Shelby filed suit in Texas state court, which the City removed to federal court. The United States District Court for the Western District of Texas dismissed this case without prejudice on March 31, 2011. *See Shelby v. City of El Paso*, No. EP-11-CV-17-PRM, 2011 WL 3666583 (W.D. Tex. Mar. 31, 2011). On July 29, 2011, Shelby filed another lawsuit in the United States District Court for the Western District of Texas against the City, making similar allegations. That case was also dismissed without prejudice on October 28, 2011. *See Shelby v. City of El Paso*, No. EP-11-CV-315-PRM, 2011 WL 11740995 (W.D. Tex. Oct. 28, 2011). Shelby did not appeal these judgments.

No. 13-50940

after this decision were Shelby's § 1983 claims based on the transmission of false information in 2010 and 2011 to the identified news agencies. In a separate order, the district court also denied Shelby's motion for leave to amend his complaint. The district court concluded that Shelby's motion, made on April 16, 2013, was untimely given that the scheduling order gave Shelby until December 28, 2012 to amend or supplement his pleadings. As such, the district court assessed the motion under Federal Rule of Civil Procedure 16(b)(4) and denied the motion.

The City subsequently moved for summary judgment on the remaining claims. The district court granted the motion, concluding that there was no genuine dispute of material fact. The district court concluded that, as demonstrated by the City, there was no evidence in Shelby's complaint or in the record identifying the City as the entity that transmitted any false or defamatory information concerning Shelby to a third party. Further, the court concluded that Shelby's attempts to raise such a dispute were unavailing. Shelby timely appealed.

## DISCUSSION

Shelby appeals: (1) the district court's decision to dismiss his § 1983 claims as time-barred; (2) the denial of leave to amend his complaint; and (3) the district court's summary judgment decision.[2] We address each of Shelby's arguments in turn. For the reasons discussed, we AFFIRM the district court in all respects.

### A. Dismissal of § 1983 Claims

We review the district court's Rule 12(b)(6) dismissal of Shelby's § 1983 claims de novo. *Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 677 (5th Cir.

---

[2] Shelby does not appeal the dismissal of his Texas Constitution claims nor the dismissal of his action for declaratory relief.

4

2014). "To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face." *Id.* "Well-pleaded facts are viewed in the light most favorable to the plaintiff." *Simmons v. Sabine River Authority La.*, 732 F.3d 469, 473 (5th Cir. 2013).

The district court dismissed Shelby's § 1983 claims based on the 1997 and 2002 disclosures as time-barred, applying the general two-year statute of limitations governing personal injury claims in Texas. Shelby argues on appeal that because his claims arise under identity theft, which has no express statute of limitations period under Texas law, the residual four-year statute of limitations should apply. He also argues that our caselaw has departed from the Supreme Court's standard expressed in *Owens v. Okure*, 488 U.S. 235 (1989), for choosing the applicable statute of limitations. Shelby's arguments are unavailing.

The Supreme Court in *Wilson v. Garcia*, stated that all § 1983 claims are analogous to personal injury actions, and therefore, the state statute of limitations applicable to personal injury actions applies to *all* § 1983 claims. 471 U.S. 261, 276–80 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658(a); *see also Garrett v. Thaler*, No. 13-40599, 2014 WL 1282619, at *7 (5th Cir. April 1, 2014) (per curiam) (unpublished). The Supreme Court later, in *Owens*, clarified that, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. at 249–50. Accordingly, our cases have consistently held that "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)); *see also Hernandez v. Tisdale*, No. 13-50535, 2013 WL 6354176, at *1 (5th Cir. Dec. 6, 2013) (per curiam) (unpublished);

No. 13-50940

*Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). In Texas, the general statute of limitations for personal injury actions is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Shelby's argument that Texas's four-year residual statute of limitations for *all other types* of actions should apply seeks to re-characterize his § 1983 claim as something other than what the Supreme Court has characterized it as—a personal injury action. *See Wilson*, 471 U.S. at 279–80. Therefore, Shelby's argument fails.

Shelby argues that, in any event, the statute of limitations should be "tolled based on the discovery rule, which encompasses fraudulent concealment." Because Shelby failed to object to the Report and Recommendation with this argument, our review is only for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). We conclude that there has been no error here.

As an initial matter, Shelby's argument confuses tolling and accrual rules for statute of limitations. The distinction is important because "[w]hile the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law." *Burrell*, 883 F.2d at 418; *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("We determine the accrual date of a § 1983 action by reference to federal law."). The discovery rule is an accrual rule for the applicable statute of limitations—not a tolling rule—and simply defers the accrual of a cause of action. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) ("The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence should have known of the facts giving rise to the cause of action.").

6

The standard in § 1983 actions provides "that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418 (internal quotation marks omitted); *see also Walker*, 550 F.3d at 414 ("As we ourselves have stated, the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"). This standard is in fact the discovery rule that Shelby seeks to apply; however, it is of no help to Shelby. Shelby, according to his own pleadings, knew of or had reason to know of the facts giving rise to his injury based on EPPD's actions in 1997 and 2002 in January of 2009. Thus, he had two years from January 2009 to file suit. He filed this action on May 29, 2012, well outside of that two-year period for the claims based on the EPPD's actions in 1997 and 2002.

To the extent Shelby invokes the doctrine of fraudulent concealment under Texas law, the result is the same. Fraudulent concealment is an equitable tolling rule under Texas law. *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011) ("[F]raudulent concealment[] is an equitable doctrine that is fact-specific. Fraudulent concealment tolls limitations 'because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run.'" (citation omitted)). Therefore, it is applicable to a § 1983 claim. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions."). However, any alleged fraudulent concealment was revealed to Shelby in 2009

when he obtained the paperwork related the expunction.    The district court correctly determined that his claims were time-barred.[3]

**B. Denial of Leave to Amend**

We review for abuse of discretion the district court's denial of leave to amend. *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013). "A district court possesses broad discretion in its decision whether to permit amended complaints." *Id.*  Where, as here, the party's amendment is sought after a scheduling order's deadline to amend expires, Federal Rule of Civil Procedure 16(b) governs. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S&W Enters. LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  Accordingly, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* (internal quotation marks omitted).   There are four factors that are relevant to determining whether a party has shown good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks omitted).

The district court determined that Shelby failed to demonstrate good cause.  Specifically, Shelby provided an inadequate explanation for his failure to meet the deadline and did not explain how the County's involvement in the booking process in 1991 related to his remaining § 1983 claims.  Further, the County would be prejudiced by the amendment, and granting a continuance would be an unsatisfactory remedy for this prejudice.  On appeal, Shelby asserts that he did not discover the County's involvement in the booking

---

[3] Shelby also argued to the district court that the statute of limitations should be tolled based on the continuing tort doctrine, which the district court rejected.  He does not challenge this determination on appeal.

process until discussions with the City's counsel that occurred after the deadline to amend had passed. We agree with the district court that this is an inadequate explanation for his failure to meet the deadline. Shelby had more than two decades from the booking to assess the parties involved. Moreover, his own complaint includes an exhibit which plainly indicated that the booking and arrest records were from the County.

### C. Summary Judgment

We review a grant of summary judgment de novo, applying the same standards as the district court. *Tiblier v. Dlabal*, 743 F.3d 1004, 1006 (5th Cir. 2014). "Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (citing Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). We must view the evidence "in the light most favorable to the nonmovant." *Id.*

The district court concluded that summary judgment was proper because there was no evidence in the record demonstrating that the City was responsible for any transmission of false information to the identified news agencies in 2010 and 2011. Shelby argues on appeal that he "produced a very clear piece of fact-raising evidence"—namely, the 1997 AFIS report.[4] This document includes Shelby's name, his personal identifying information, and a

---

[4] Shelby made arguments based on three other documents included in the record to the district court, but he has abandoned these claims on appeal.

physical description of Newton.  Shelby argues that this demonstrates that the City did make reports regarding Shelby's criminal history.

Shelby's arguments are again unavailing.  The 1997 AFIS report is not relevant to his 2010 and 2011 claims against the City.  At best, it demonstrates that in 1997 the City reported information confusing Shelby with Newton to the Federal Bureau of Investigation's database.  The district court properly granted summary judgment to the City on these claims.

## CONCLUSION

For the aforementioned reasons, we AFFIRM the district court's rulings on Shelby's § 1983 claims and denial of leave to amend after the deadline had passed.