# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

No. 14-10285
Summary Calendar

JAVARY TREYMAYNE TRIGG,

Plaintiff–Appellant,

v.

FREDDY WIGINTON, also known as Wiginton; KENNY DEAN, also known as Dean,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1962

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Javary Treymayne Trigg, federal prisoner # 33637-177, appeals the district court's dismissal of his *Bivens* action for failure to exhaust his administrative remedies.[1] Trigg argues that the district court erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that the exhaustion requirement of 42 U.S.C. § 1997e(a) applies to *Bivens* suits).

shifted the burden of proof.  He also argues that he was not required to exhaust unavailable administrative remedies.

Trigg argues that the district court improperly shifted the burden of proof in his case when it required him to establish that the remedies were available.  Because Trigg did not raise this argument in his objections to the magistrate judge's report and recommendation, we review it for plain error.[2] The record reveals that after conducting an evidentiary hearing,[3] the district court determined that the defendants established that Trigg failed to exhaust his administrative remedies when he failed to file the BP-9 form necessary to initiate the formal administrative review process and that Trigg failed to establish that a BP-9 form was unavailable.[4]  Trigg has therefore failed to show that the district court committed any error, much less plain error, with respect to the burden of proof.

Trigg next argues that because the BP-9 form was unavailable, he was not required to exhaust his administrative remedies.  Because Trigg raised this argument in the district court, we review the district court's legal rulings de novo and its factual findings for clear error.[5]  As the district court found, Trigg's own testimony defeats his claim.  At the evidentiary hearing, Trigg admitted that (1) he was familiar with the administrative remedy process, (2) he knew he had to file the BP-9 form as part of that process, (3) he twice asked his counselor for the BP-9 form, (4) he could have asked another counselor for the

---

[2] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam).

[3] *See Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010).

[4] *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citing *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992)).

[5] *Dillon*, 596 F.3d at 273.

No. 14-10285

BP-9 form, and (5) he asked for and received the BP-10 form. Moreover, Trigg stated that he filed the BP-10 form because he believed he had accomplished the purpose of the BP-9 form by making the warden aware of his grievance.

Trigg's argument that he proceeded with the BP-10 form because his grievance was sensitive is also contradicted by the record; Trigg never testified that he believed his safety or well-being would be jeopardized if his request became known at the prison. Furthermore, Trigg's frequent attempts to tell his side of the story to various prison officials belies such an assertion.

Finally, Trigg's argument that the warden threatened to transfer him if he pursued his grievance is also unavailing. Even if the warden threatened Trigg, she did not do so until the deadline for submitting the BP-9 form had passed.[6] Thus, Trigg cannot establish that he failed to timely file the BP-9 form because of the warden's alleged threat.

Notwithstanding the foregoing, even if Trigg has established that the BP-9 form was unavailable, his claim still fails for failure to exhaust.[7] A prisoner has not exhausted his administrative remedies until his claim has been filed and denied at all levels.[8] When his BP-10 form was denied because it was not sensitive, Trigg was required to either submit a BP-9 form to the

---

[6] *See* 28 C.F.R. § 542.14(a).

[7] *See Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) ("Section 1997e's exhaustion requirement is satisfied only if the prisoner 'pursue[s] the grievance remedy to conclusion.' This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance." (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001))); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam); *Dillon v. Rogers*, 596 F.3d 260, 267 & n.1 (5th Cir. 2010).

[8] *See* 28 C.F.R. § 542.15; 42 U.S.C. § 1997(e)(a).

No. 14-10285

warden or appeal the rejection to the next appeal level via a BP-11 form.[9] Because Trigg never filed a BP-11 form, he did not exhaust his administrative remedies.[10]

AFFIRMED.

---

[9] 28 C.F.R. §§ 542.14(d)(1), 542.15(a), 542.17(c).

[10] *See* 28 CFR § 542.15.