United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

04-51213

_____

SCOTT PRICE,

Plaintiff - Appellant,

v.

CITY OF SAN ANTONIO TEXAS; JOHN ANTHONY GARCIA, Individually and in
his Official Capacity; HAROLD RAINEY, Individually and in his
Official Capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Appellant Scott Price appeals the district court's dismissal
of his claims under 42 U.S.C. § 1983.[1]  For the reasons below, we
affirm.  We modify, however, the dismissal of Price's false arrest
and prosecution claims so that they are dismissed without
prejudice.

**I.  Background**

On October 31, 2001, Price was involved in an altercation with

---

[1] Price also made claims under 42 U.S.C. § 1985 and under
state law that were dismissed below.  Because his brief does not
address these claims, he has waived any objection to their
dismissal.  *See* FED. R. APP. P. 28(a)(9)(A); *Eugene v. Alief
Independent Sch. Dist*, 65 F.3d 1299, 1303 n.1 (5th Cir. 1995).

an uninvited visitor to his apartment.  A neighbor contacted the police, and Harold Rainey and John Garcia, both San Antonio police officers, responded.  Price's complaint alleges that, immediately after Officers Rainey and Garcia arrived, they began to beat him with their batons, spray him with pepper spray, and kick him in the chest.  The complaint avers that Price had not provoked the officers and posed no threat to them.  Price further alleges that after neighbors called for an ambulance, the officers bound his arms and legs with duct tape.  On the same date, Price was charged with the felony offense of taking or attempting to take a weapon from a police officer.  On April 19, 2002, that charge was dismissed and refiled as the misdemeanor offense of interfering with public duties.  The misdemeanor charge was still pending when Price commenced this suit.

On Monday, November 3, 2003, Price filed a complaint against Officers Rainey and Garcia and the City of San Antonio, claiming, *inter alia*, that Appellees violated section 1983.  Specifically, Price claimed invasion of privacy, unreasonable search, use of excessive force, false arrest, and "malicious prosecution."[2]  Price

---

[2] In *Castellano v. Fragazo,* we held that "'malicious prosecution' standing alone is no violation of the United States Constitution."  352 F.3d 939, 942 (5th Cir. 2003) (en banc).  *Castellano* nevertheless recognized that the "initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection . . . ."  *Id.* at 953-53.  Price's complaint and the court below used "malicious prosecution" to describe claims that Price had arising out of his prosecution.  We decline to use that term of art

alleged that the City of San Antonio sanctioned the officers' actions by being "deliberately indifferent" to police training and discipline.

Appellees moved to dismiss Price's claims, arguing that they were barred by the statute of limitations. The district court referred the matter to a magistrate judge, who recommended that the statute of limitations did not bar Price's suit. The magistrate determined that the applicable statute of limitations did not expire until November 1, 2003. Since November 1st fell on a Saturday, the magistrate thus recommended that Price's Monday, November 3rd complaint was timely filed. *See* FED. R. CIV. P. 6(a).[3] Additionally, the magistrate advised that Price's prosecution claims[4] be dismissed without prejudice. The report noted that Price's complaint did not allege that criminal proceedings had terminated in his favor, as required to state a claim.

On review of the report, the district court rejected the magistrate's recommendation that Price's claims were timely filed, holding that the statute of limitations had expired on October 31, 2003. In reaching its conclusion, the court stated that it was accepting the magistrate's interim determination that all of

---

because doing so "only invites confusion." *Id.* at 954.

[3] Under Rule 6(a), when the last day of any time period prescribed by statute falls on a Saturday, Sunday, or a legal holiday, the period is extended "until the end of the next day which is not one of those aforementioned days."

[4] See note 2, *supra*.

Price's causes of action had accrued on October 31, 2001, "as no party objected to this finding." *Price v. City of San Antonio*, No. SA-03-CA-1103-FB, slip op. at 3 (W.D. Tex. Sept. 22, 2004). Price claims on appeal that the district court erred in concluding that his claims were time-barred both by miscalculating the limitations period and in determining that his claims accrued on October 31, 2001.

## II.  Discussion

### A.  *Calculation of the Limitations Period*

"We review *de novo* a district court's conclusion that a claim is time-barred." *Rashidi v. American President Lines*, 96 F.3d 124, 126 (5th Cir. 1996). Price argues that the court miscalculated the limitations period and should have accepted the magistrate's recommendation that it expired, at the earliest, on November 3, 2003—the first business day following the same calendar day two years after the incident that gave rise to the suit. We disagree.

The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). There is no dispute that the applicable statute provides that claims must be brought "not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2005). The parties dispute, however, the precise method of calculating the

two-year limitation.  To construe a Texas statute, we look to how Texas's highest court would resolve the issue.  *See*, *e.g.*, *C&H Nationwide*, *Inc. v. Norwest Bank Texas NA*, 208 F.3d 490, 495 (5th Cir. 2000).

In support of his claim that he is entitled to bring a claim on the day *after* the same calendar day two years subsequent to the incident, Price cites our decision in *Gonzales v. Wyatt*, 157 F.3d 1016 (5th Cir. 1998).  Discussing Texas's two-year statute of limitations as it applied to section 1983, the *Gonzales* Court stated:

> The complaint alleges that Wyatt used excessive force on Gonzales on January 24, 1994 . . . . .  Limitations, if not tolled, generally continues to run until the suit is commenced by the filing of the plaintiff's complaint in the clerk's office.  It is hence clear that unless Gonzales' complaint can be said to have been filed on or before January 25, 1996, the claims asserted therein are barred by limitations.

*Id.* at 1020 (internal citations omitted).  *Gonzales*'s discussion of the specifics of calculating a limitations period under section 16.003 was dicta.  The plaintiff in *Gonzales* did not file suit until March of 1996.  *Id.* at 1022.  Thus, the passage on which Price relies was not necessary to the outcome of the case.

Earlier Fifth Circuit cases conflict with *Gonzales*'s analysis. *See Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 549 (5th Cir. 1997) (holding that the earlier of two conflicting decisions controls).  Addressing Texas's section 16.003 in a

section 1983 case, we stated in *Henson v. Rogers*:

> the limitations period began to run on September 1, 1987. Therefore, [the plaintiff] had only until September 1, 1989 to file his complaint.

923 F.2d 51, 52 (5th Cir. 1991); *see also Flores v. Cameron County*, 92 F.3d 258, 272 (5th Cir. 1996). As in *Wyatt*, the specific calculation of the limitations period in *Henson* and *Flores* did not determine the outcome. We need not rely exclusively on these hypothetical discussions because Texas courts have squarely addressed the issue.

Applying an earlier, now-repealed two-year personal injury statute of limitations, the Texas Supreme Court held that "the commencement of [the plaintiff's] suit on January 2, 1970, was not within the two year period" where her "right . . . to enforce her claim" arose on January 1, 1968. *Kirkpatrick v. Hurst*, 484 S.W.2d 587, 588 (Tex. 1972). Texas intermediate appellate courts applying the current statute have uniformly held that a complaint filed the day *after* the same calendar day two years after the action accrued is one day too late.[5] *See Segura v. Home Depot USA, Inc.*, 2001 WL 387995, *4-6 (Tex. App.–San Antonio 2001, no pet.) (not designated for publication); *Medina v. Lopez-Roman*, 49 S.W.3d 393, 397-98

---

[5] In predicting how the Texas Supreme Court would rule on an issue that it has not specifically addressed, "we defer to intermediate state appellate court decisions unless convinced by other persuasive data that the highest court of the state would decide otherwise." *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (internal quotation marks omitted).

(Tex. App.–Austin 2000, pet. denied); *Fisher v. Westmont Hospitality*, 935 S.W.2d 222, 224 (Tex. App.–Houston [14th Dist.] 1996, no writ); *Hargraves v. Armco Foods, Inc.* 894 S.W.2d 546, 546–47 (Tex. App.–Austin 1995, no writ) (per curiam). Accordingly, we conclude that the Texas Supreme Court would hold that section 16.003 requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action.[6]

This conclusion is fatal to Price's invasion of privacy, unreasonable search, and excessive force claims. Ordinarily, a cause of action under section 1983 accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Price does not challenge the determination below that he knew or should have known about the injuries underlying his invasion of privacy, unreasonable search, and excessive force claims on October 31, 2001, when the incident occurred.[7] His November 3, 2003 complaint was filed more than two years after these claims accrued, and therefore the district court correctly concluded that they were barred by the statute of limitations.

---

[6] The relevant day, October 31, 2003, was a Friday. Thus, Rule 6(a) is not applicable here.

[7] Price argues, incorrectly, that the general accrual rule does not apply to these claims. *See* note 8 and accompanying text, *infra*.

## B.  Accrual of Price's False Arrest and Prosecution Claims

The district court dismissed *all* of Price's causes of action as barred by the statute of limitations, including his false arrest and prosecution claims.  Price argues that the court erroneously used October 31, 2001 as the accrual date for those claims.  The parties vigorously dispute the appropriate standard of review, with Appellees contending that we should review only for plain error because Price did not object to the magistrate's report.  *See Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).  Price points out, however, that he ultimately prevailed on the statute of limitations question before the magistrate and therefore had no reason to object.

We need not resolve this dispute.  Whether our review is *de novo* or for plain error, we must still modify the district court's order insofar as it dismisses Price's false arrest and prosecution claims with prejudice.  Under plain error review, we will correct errors that are plain, affect substantial rights, and seriously affect the fairness, integrity or public reputation of judicial proceedings.  *See id*. at 1424.

First, the district court's ruling that the statute of limitations barred even Price's false arrest and prosecution claims was error that is plain.  An error is plain when it is clear or obvious.  *Id*.  We have held that the statute of limitations does not begin running on section 1983 prosecution claims until

proceedings have terminated in the plaintiff's favor. *See Eugene v. Alief Independent Sch. Dist.*, 65 F.3d 1299, 1306 (5th Cir. 1995); *see also Castellano v. Fragozo*, 353 F.3d 939, 959 (5th Cir. 2003) (en banc) (reaffirming the rule that claims of "constitutional deprivations suffered in a state court prosecution" do not accrue until "criminal proceeding[s] terminate in [the plaintiff's] favor"). Additionally, we have held that when false arrest claims are brought in conjunction with such claims, the false arrest claims are "essentially part" of the prosecution claims and therefore accrue at the same time. *See Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995).[8] At the time Price filed his complaint, criminal proceedings stemming from the October 31, 2001 incident were still pending against him. No false arrest or prosecution claim had accrued. Accordingly, the district court's dismissal of such claims as barred by the statute of

---

[8] We reject Price's suggestion that *Brandley* extends to all of his section 1983 claims. In *Brandley*, the plaintiff had brought assault, battery, defamation, and invasion of privacy claims in addition to false arrest/false imprisonment claims. 64 F.3d at 198. Yet the *Brandley* court reversed only the district court's dismissal of his false arrest/false imprisonment claims as time-barred. *Id.* at 199. Unlike Price's false arrest claims, his excessive use of force claims are not "essentially part" of a claim arising out of his prosecution. *Id.* at 199. Furthermore, even assuming that *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), could apply when the plaintiff has not yet been convicted, Price has not explained how any of the claims addressed in Part II.A., *supra*, would necessarily imply the invalidity of a conviction. Thus, we cannot conclude that *Heck* postponed the accrual of those claims.

limitations was plainly erroneous.[9]

Second, the district court's dismissal with prejudice affected substantial rights because it resulted in the permanent loss of Price's claims. Lastly, the court's application of the statute of limitations to permanently bar Price's claims seriously affected the fairness of judicial proceedings. We have recognized that holding a plaintiff's section 1983 claim time-barred before it has even accrued would be a "perverse result." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). Thus, even assuming that plain error review applies, we exercise our discretion to correct the error.

Although the district court's dismissal *with prejudice* was plainly erroneous, dismissal *without prejudice* of Price's claims that had not yet accrued would have been correct. We, therefore, affirm the dismissal of Price's false arrest and prosecution claims on the alternate ground that criminal proceedings have not terminated in his favor. *See Aldrich v. Johnson*, 388 F.3d 159, 160 (5th Cir. 2004) (per curiam). We modify the judgment to reflect that Price's false arrest and prosecution claims are dismissed without prejudice. In so doing, we do not imply that Price could, if criminal proceedings were terminated in his favor, state a section 1983 claim for "malicious prosecution." We are mindful of

---

[9] We would similarly conclude that the district court erred if our review were *de novo*.

-10-

*Castellano*'s conclusion that "malicious prosecution" alone does not state a federal claim. 352 F.3d at 942. Further, we have no occasion to consider here the significance of *Castellano*'s suggestion that a section 1983 plaintiff might nevertheless state a claim for "constitutional deprivations suffered in the course of state court prosecution." *Id.* at 959. We hold only that insofar as any such claim exists, it would not accrue until criminal proceedings terminate in favor of the plaintiff.

### III. Conclusion

We AFFIRM the dismissal of Price's section 1983 claims for invasion of privacy, unreasonable search, and use of excessive force as barred by the statute of limitations. The dismissal of the remainder of Price's section 1983 claims is AFFIRMED but MODIFIED such that his claims for constitutional deprivations suffered in the course of his prosecution, including false arrest, are dismissed WITHOUT PREJUDICE.

JUDGE EMILIO M. GARZA CONCURS IN THE JUDGMENT AND CONCURS IN THE OPINION EXCEPT FOR PART II.B.