United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41665
Summary Calendar

THOMAS FREDRICK BONNER,

Plaintiff-Appellant,

versus

BECKY MALONE CASTLOO; SHIRLEY GOODE EVANS; MARCUS TAYLOR;
CURTIS GLOVER; RANDY SCHAFFER; LAWRENCE MITCHELL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-311
--------------------

Before SMITH, WIENER and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Fredrick Bonner, Texas prisoner # 923741, appeals from
the dismissal of his 42 U.S.C. § 1983 suit, in which he sued two
court reporters, a district attorney, his trial counsel, his
appellate counsel, and his post-conviction counsel. Bonner alleged
that during his criminal proceedings the district attorney breached
his plea agreement, the court reporters inaccurately reported the
subsequent events at his sentencing, and all defendants conspired
to conceal the errors in the transcripts and to keep him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisoned. He sought as relief money damages, a jury trial, and an order directing the court reporters to produce the tape recordings of his criminal proceedings. The district court held that Bonner's suit was barred by limitations and dismissed the case as frivolous and for failure to state a claim upon which relief could be granted.

Bonner argues that the district court erroneously concluded that his conspiracy claim was unsupported and failed to toll the limitations period for various reasons. We conclude, however, that Bonner's claims, which are premised on the alleged breach of his plea agreement, would necessarily imply the invalidity of his conviction or sentence and are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The district court therefore did not err by dismissing the complaint, but the judgment should be modified to reflect a dismissal without prejudice. See Price v. City of San Antonio, 431 F.3d 890, 895 (5th Cir. 2005); Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Bonner also argues that the district court failed to grant a motion to amend the complaint seeking to add a malicious prosecution claim and that the district court erroneously dismissed the case without providing him an opportunity to amend. The district court did not reversibly err. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Bonner moves for the appointment of counsel, for injunctive relief, and to correct the record. He also objects to the record and moves to file a supplemental brief. These motions are denied.

AFFIRMED AS MODIFIED; ALL OUTSTANDING MOTIONS DENIED.