Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00565-CV

Arturo Neri **PRADO**,
Appellant

v.

**CITY OF FREDERICKSBURG POLICE DEPARTMENT**, *et al.*,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12117
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  March 30, 2011

AFFIRMED

Arturo Neri Prado appeals the summary judgment granted in favor of the City of Fredericksburg Police Department, Officer Gordon Gipson, Gillespie County, Deputy Kevin W. Carter, Deputy Clint Stewart, Deputy Robert M. Goodrich, Deputy Billy Jividen, and Deputy Mike Colwell (collectively the "Defendants") on his excessive force claim.  We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Prado was arrested and charged with aggravated assault against a female in the City of Fredericksburg on November 27, 2003. Ultimately convicted of the crime in 2007, Prado was sentenced to 43 years of confinement. In July 2008, while imprisoned, Prado initiated a civil lawsuit against the Defendants alleging that officers from both Gillespie County and the City of Fredericksburg used excessive force when they physically assaulted him during his November 27, 2003 arrest after he was handcuffed. In his first amended petition, Prado claims the Defendants are liable to him under the Texas Tort Claims Act; the Texas Constitution, Article I, §§ 9, 19, and 29; and the Fourth Amendment of the United States Constitution. All the Defendants filed a motion for summary judgment asserting that Prado's claims were barred by the two-year statute of limitations. The trial court granted final summary judgment in favor of the Defendants based upon limitations. Prado now appeals.

## STANDARD OF REVIEW

We review the grant of a traditional summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish: (1) when the cause of action accrued; and (2) there is no genuine issue of material fact about when the plaintiff discovered or should have discovered the nature of his injury. *KPMG Peat Marwick v. Harris County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Once the defendant establishes the action is barred by the applicable statute of limitations, the plaintiff must then produce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

## DISCUSSION

The relevant facts in this lawsuit are not in dispute. Prado claims he was subjected to excessive force during his arrest on November 27, 2003, causing him severe bodily injury. He filed suit on July 7, 2008, over four years after the date of his alleged assault. The sole issue before us is whether Prado's claims are timely. In his first issue on appeal, Prado argues his claims are not time-barred because they were initiated within two years of his 2007 criminal trial during which, Prado claims, the defendant officers admitted using excessive force against him. Prado maintains that, as a citizen of Mexico, he did not speak English at the time of his 2003 arrest and did not know his constitutional rights had been violated until his 2007 criminal trial.

We construe Prado's pleadings to assert claims under both 42 U.S.C. § 1983 and the Texas Tort Claims Act.[1] *See* 42 U.S.C. § 1983 (2006); TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). With respect to Prado's state law tort claim, the limitations period for personal injuries is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2010). Section 16.003(a) specifically provides that a person must bring suit for personal injury not later than two years after the day the cause of action accrues. *Id.* Under Texas law, a cause of action generally accrues for purposes of section 16.003(a) when a wrongful act causes a legal injury, regardless of when the plaintiff discovers the injury or if all resulting damages have been incurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Zacharie v. U.S. Natural Res., Inc.*, 94 S.W.3d 748, 752 (Tex. App.—San Antonio 2002, no pet.). Accordingly, Prado's personal injury claim under the Texas Tort Claims Act, having been filed well after expiration of the two-year period, is barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

---

[1] We note that the Texas Tort Claims Act does not waive sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); *Tex. Dept. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

With respect to Prado's federal claim for excessive force, there is no federal statute of limitations period prescribed for civil rights actions brought under 42 U.S.C. § 1983; therefore, we look to the applicable state law period for personal injury torts. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). Accordingly, the applicable limitations period for a 42 U.S.C. § 1983 suit in Texas is the same two-year limitations period for personal injury claims provided in section 16.003(a) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). However, although the Texas limitations statute applies, federal law governs when a section 1983 claim accrues. *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.* at 1131. The limitations period for a section 1983 action therefore begins to run when the plaintiff is in possession of the "critical facts that he has been hurt and who has inflicted the injury . . . ." *Id.*

Here, Prado knew or had reason to know of the facts of his excessive force claim on the night of his arrest on November 27, 2003. His pleadings contend he was "beaten while cuffed and while being held by officers on each side of him," resulting in cuts, abrasions, and his nose being broken which required him to be taken by ambulance to the hospital for treatment. As Prado was present when the alleged excessive force was used and while he was treated for the resulting injuries at the hospital, he necessarily was aware of the facts that he was hurt and who inflicted his injury. The fact that Prado did not speak English, and was not aware of his constitutional rights, at the time of the alleged excessive force does not affect the accrual of his cause of action. A plaintiff need not realize that a legal cause of action exists; a plaintiff need

only know the facts that would support a claim. *See id.*; *see also Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). Therefore, Prado's cause of action under 42 U.S.C. § 1983 accrued when he was injured on November 27, 2003. *See Price*, 431 F.3d at 893. Given that Prado's suit was not filed until more than four years later, his section 1983 claim was barred by limitations. *See id.* at 893-94. The trial court's grant of summary judgment based on limitations was proper.

In his second issue, Prado argues that because he is a citizen of Mexico, he is entitled to invoke the federal Alien Tort Statute (ATS), which he asserts extends the limitations period for his excessive force claim to ten years. *See* 28 U.S.C. § 1350 (2006).[2] We disagree for several reasons. Prado filed his action in state court, not federal court. The ATS is a jurisdictional statute allowing federal courts to hear "a relatively modest set of actions alleging violations of the law of nations." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 720 (2004). In *Sosa*, the Supreme Court reviewed the history of the ATS and found that, when enacted in 1789, only three torts were recognized under common law as being violations of the law of nations: "violation of safe conducts, infringement of the rights of ambassadors, and piracy." *Id.* at 715, 720 (citing 4 W. BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 68 (1769)). The Court's majority opinion summarized the ATS as a "jurisdictional statute creating no new causes of action," but "having been enacted on the understanding that the common law would provide a cause of action for the modest number of international law violations with a potential for personal liability at the time." *Sosa*, 542 U.S. at 724.

Here, Prado alleges no violation of international law. Furthermore, a majority of the Court in *Sosa* refused to find that section 1350 encompasses a cause of action for arbitrary arrests

---

[2] Section 1350 reads: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

and detentions under the status of a binding customary international norm, in part because it would supplant actions under 42 U.S.C. § 1983 which already provide a damages remedy for such conduct. *Id.* at 736-37 (rejecting Mexican national's assertion that ATS governs claims of abduction and transport to the United States to face prosecution). For the reasons stated, we conclude the ATS does not apply to Prado's excessive force claim. We overrule his second issue.

Based on the foregoing analysis, we overrule Prado's issues on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice