**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 15-10073

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2016

Lyle W. Cayce
Clerk

ROBERT GRODEN,

Plaintiff - Appellant

v.

CITY OF DALLAS, Texas; SERGEANT FRANK GORKA,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before KING, JOLLY, and PRADO, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Robert Groden seeks to establish *Monell*[1] liability against the city of Dallas for his allegedly unconstitutional arrest. He argues that the city adopted an unconstitutional policy of retaliating against unpopular-but constitutionally-protected speech and that, acting under this policy, Officer Frank Gorka illegally arrested Groden. The district court dismissed Groden's claims against the city of Dallas under Federal Rule of Civil Procedure 12(b)(6), primarily because his complaint did not name the specific municipal policymaker. The Supreme Court has stated more than once, however, that

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

No. 15-10073

the identity of the policymaker is a question of law. Accordingly, for purposes of Rule 12(b)(6), we hold that a plaintiff is not required to single out the specific policymaker in his complaint; instead, a plaintiff need only plead *facts* that show that the defendant or defendants acted pursuant to a specific official policy, which was promulgated or ratified by the legally authorized policymaker. Here, the statutorily authorized policymaker is the Dallas city council. Groden pled sufficient facts to show that the city council promulgated or ratified the illegal-arrest policy and thus that this policy was attributable to the city of Dallas. We further conclude that, in all other relevant respects, Groden pled a sufficient complaint to survive a dismissal on the pleadings. Accordingly, we reverse the 12(b)(6) dismissal of Groden's *Monell* claim.

I.

Groden is the author of several books claiming to reveal the truth behind the assassination of President Kennedy. Groden sells his books and magazines on the grassy knoll area of Dealey Plaza in Dallas. Groden alleges that his sales were legal but nevertheless annoyed a nearby business, the Sixth Floor Museum.

In the summer of 2010, a spokesperson for the city of Dallas announced that the city planned to "crack down" on vendors selling goods on Dealey Plaza. After this announcement, a Dallas police officer, Sergeant Frank Gorka, arrested Groden. The city charged Groden with violating Dallas City Code § 32-10, which prohibits selling merchandise in a park. The city courts, however, determined that Dealey Plaza is not a park and quashed Groden's indictment; the city appealed, and lost.

Groden sued the city of Dallas and Gorka under 42 U.S.C. § 1983. Groden alleged that the city had adopted a policy—which he termed the "crackdown policy"—of arresting vendors in Dealey Plaza despite knowing that no law provided probable cause for the arrests; he further alleged that Gorka

2

No. 15-10073

arrested him pursuant to this crackdown policy. According to Groden, the city had adopted the crackdown policy to punish him and other vendors for unpopular (but constitutionally protected) speech. The city moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Groden's claims against the city; the district court granted this motion. The suit against Officer Gorka in his individual capacity, however, proceeded to trial. The jury returned a general verdict for Officer Gorka. After the trial, Groden filed a motion for a new trial, which the district court denied. This appeal followed.

## II.

We "review de novo a district court's grant or denial of a Rule 12(b)(6) motion to dismiss, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015). Municipalities are not liable for the unconstitutional actions of their employees under respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, "[t]o establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

## III.

The district court identified two reasons to dismiss Groden's *Monell* claims against the city. First, the district court dismissed the complaint because Groden did not plead the identity of the policymaker of the alleged city policy. Second, the district court held that Groden did not plead that the city of Dallas adopted an unconstitutional policy or that the policy was the moving force behind his constitutional violation. Both of these reasons for dismissal,

No. 15-10073

however, are flawed.[2]

## A.

First, the district court held that Groden is required to plead the specific identity of the city policymaker. This holding presents a question of first impression: whether a § 1983 claim against a municipality under *Monell* must allege the *specific* identity of the policymaker.[3] Following the clear indication

---

[2] The city argues we need not reach the merits of Groden's appeal because the jury verdict in favor of Officer Gorka blocks Groden from appealing the dismissal of his suit against Dallas for the same constitutional violation. The city points out that, according to Groden's complaint, Gorka was the only officer who carried out Dallas' allegedly unconstitutional policy. Thus, if a jury found that Gorka did not violate the Constitution, then Dallas could not have violated the Constitution through Gorka. Under the city's reasoning, the jury verdict renders the dismissal of Groden's claims against the city correct—even if the dismissal had been erroneous when it occurred. *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986) (per curiam).

As we have said above, the city's argument is flawed: we do not know whether the jury found that Gorka acted constitutionally when arresting Groden. The jury was charged on both the constitutional issue and on qualified immunity and subsequently rendered a general verdict. We cannot know which issue the jury found to be decisive. *Heller*'s holding applies only when "no issue of qualified immunity was presented to the jury." *Id.* at 798. Accordingly, the jury's verdict for Gorka does not prevent Groden from appealing the dismissal of his claims against Dallas.

[3] Although this is a question of first impression in our circuit, several district courts have held that complaints must specifically identify the policymaker. *See, e.g.*, *Covington v. Covington*, No. CIV.A. H-13-3300, 2015 WL 5178078, at \*7 (S.D. Tex. Sept. 4, 2015). These cases typically cite either other district court opinions or *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). *Piotrowski*, however, is inapposite—it did not require plaintiffs to plead the identity of the policymaker. Instead, it said only that "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* at 578. This statement is simply an alternative articulation of the familiar requirements for *Monell* liability: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson*, 588 F.3d at 847. Moreover, as discussed in the text, the holdings of these district courts are at odds with the Supreme Court.

Similarly, some of our sister circuits have, in dicta, gestured towards a requirement that plaintiffs plead the identity of the policymaker. But no circuit has held that plaintiffs must, as a pleading requirement, identify the policymaker. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010) ("The dispositive point is that, whether or not Chief Murphy is a final policymaker, Santiago has failed to plead facts showing that his plan caused her injury."); *Baxter by Baxter v. Vigo Cty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994) ("[W]e can discern no sufficiently specific allegation of a policy or custom."), *abrogated on other grounds by Guzman v. Sheahan*, 495 F.3d 852 (7th Cir. 2007). *See also Blue v. District of Columbia*,

of Supreme Court precedent, we hold no: the specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable.[4]

The Supreme Court recently addressed the pleading requirements for § 1983 cases in *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346 (2014) (per curiam). In *Johnson*, this circuit had held that a § 1983 claim should be dismissed because the plaintiffs' complaint did not state the proper legal theory for the requested relief—the complaint failed to mention § 1983 at all. The Supreme Court reversed, saying that the plaintiffs' complaint "stated simply, concisely, and directly *events* that, they alleged, entitled them to damages from the city. Having informed the city of the *factual basis* for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Id.* at 347 (emphasis added). Further, the Supreme Court held that when a complaint contains sufficient "*factual* allegations," a court should not grant a motion to dismiss "for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 346 (emphasis original).

Furthermore, the Supreme Court has repeatedly emphasized that the identity of the policymaker is a question of law, not of fact—specifically, a question of state law. *See, e.g.*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) ("We begin by reiterating that the identification of policymaking

---

811 F.3d 14, 20 (D.C. Cir. 2015) (citing dicta in *Santiago* and *Baxter* with approval when dismissing a case because the plaintiff "never indicated the contours of any type of municipal policy"). These off-hand, unspecific, remarks in dicta unaccompanied by analysis do not persuade us to disregard the clear language of the Supreme Court.

[4] The plaintiff, of course, will name the *entity* that acted under the policy (here, the city of Dallas) as a defendant. This level of identification is fundamental.

officials is a question of state law.").[5] By combining *Praprotnik*'s holding that the identity of the policymaker is a question of state law with *Johnson*'s holding that courts should not grant motions to dismiss § 1983 cases "for imperfect statement of the legal theory," we see that courts should not grant motions to dismiss for failing to plead the specific identity of the policymaker. *Johnson*, 135 S. Ct. at 346. Thus, to survive a motion to dismiss, Groden needed only to plead facts—facts which establish that the challenged policy was promulgated or ratified by the city's policymaker. Groden's complaint did not need to supply an answer to the *legal* question of the specific identity of the city's policymaker under the relevant statutory scheme.[6]

Our circuit applied this distinction between facts—which must be pled in a complaint and, ultimately, proven to a jury—and law in a recent § 1983 case, *Advanced Technology Building Solutions, LLC v. City of Jackson, Mississippi,* 2016 WL 1009754, at *5 (5th Cir. Mar. 14, 2016). In *Advanced Technology*, the plaintiff alleged that the city of Jackson denied approval to a building project that Advanced Technology wished to pursue. Advanced Technology further alleged that the mayor caused this project to be denied in retaliation for its criticism of the mayor. Advanced Technology contended that the mayor's act of retaliation was itself an unconstitutional policy of the city and thus that the city was liable under § 1983. The case was tried to a jury, which awarded Advanced Technology $600,000.

---

[5] Sometimes, a court can make this determination by consulting state statutes. *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 550 (5th Cir. 2008) (consulting the Texas Government Code to determine the policymaker for Texas cities); *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (consulting the Texas Educational Code to determine the policymaker for Texas school districts). In other cases, courts may need to consult "local ordinances and regulations." *Praprotnick*, 485 U.S. at 125.

[6] Of course, plaintiffs (like defendants) can make legal arguments in their briefs to support legal conclusions about the identity of the policymaker if that question is subject to non-frivolous dispute.

No. 15-10073

After the trial, however, the city moved for a judgment as a matter of law. In considering this motion, the district court consulted state law and concluded that the city council—and not the mayor—was the final policymaker; consequently, Advanced Technology was not entitled to recovery unless it showed that the city council had denied the project. Because all of Advanced Technology's evidence related to the mayor and none related to the city council, the district court set aside the jury verdict in favor of the plaintiff and entered judgment for the city.

On appeal, Advanced Technology argued that "[b]ased on the facts presented at trial, the jury reasonably made the conclusion that [the] Mayor [] was acting as a final policymaker." More pointedly, Advanced Technology advocated that the jury should determine the identity of the policymaker. We disagreed. We held that the jury's finding was irrelevant—the only issue was whether Mississippi law established that the mayor was the final policymaker. Under Mississippi law the city council is the final policymaker; thus, we affirmed the judgment as a matter of law. *Id.* at \*4–5 (citing Miss. Code. Ann. § 43-35-33).

*Advanced Technology* thus makes clear that identifying the policymaker is not the role of the jury; instead, the relevant question in *Advanced Technology* was whether the plaintiff had presented enough evidence for the jury to conclude that the *statutorily authorized* policymaker had promulgated an unconstitutional policy. Analogously, the question we face today is whether Groden has pled facts that, read in the light most favorable to Groden, show that the statutorily authorized policymaker promulgated an unconstitutional policy.[7]

---

[7] As with any question of statutory interpretation, parties, on motion to dismiss a complaint, may disagree and brief the issue for the court to determine. But failing to *plead* these legal claims is not fatal to the cause of action and does not justify granting a 12(b)(6)

## No. 15-10073

To answer this question, we first turn to state law to find out just who is the policymaker of the city of Dallas. Here, as is often the case, answering this question is a simple matter of consulting our binding precedent: In *Bolton*, we held that under Texas law, the final policymaker for the city of Dallas is the Dallas city council. *Bolton*, 541 F.3d at 550 (citing Texas Local Gov't Code Ann. § 25.029). Thus, to show that the city of Dallas acted unconstitutionally, Groden must show that the city council promulgated or ratified an unconstitutional policy. Accordingly, we now face a single question: whether Groden pled facts that, read in the light most favorable to him, show that the city council promulgated or ratified the challenged policy.

We conclude that he did. Groden alleged that the city "publicly announced a new policy" of cracking down on vendors in Dealey Plaza and that the city's official "spokesman," Vincent Golbeck, "gave media interviews describing the new policy." The allegation that an official city spokesperson announced an official city policy allows for a reasonable pleading inference that this crackdown policy was attributable to an official policy made by the policymaker of the city (i.e., the city council). As noted above, Groden alleges further that this crackdown policy authorized the illegal arrests of individuals for engaging in annoying speech. Accordingly, Groden has pled sufficient facts to suggest, for the purpose of a 12(b)(6) motion, that the city council promulgated or ratified the crackdown policy of which he complains.[8]

### B.

The district court next held that Groden's *Monell* claim should be

---

motion to dismiss.

[8] Of course, pleading a complaint sufficient to withstand a 12(b)(6) motion to dismiss most certainly does not mean that Groden will ultimately prevail. If, for example, the city proves that the city council did not directly or indirectly promulgate the crack-down policy, then the city may well be entitled to summary judgment. We express no opinion on the merits of this case in any other procedural posture.

dismissed because "Groden fail[ed] to plead a facially unconstitutional policy" and, further, because Groden "fail[ed] to plead that the City's ordinance was the actual cause and 'moving force' behind the alleged unconstitutional actions of the City's police officer." Both of these holdings, however, seem to misread Groden's allegations. Groden alleged that the city adopted a new policy to "'crack down' on vendors in Dealey Plaza." Groden alleges that this *crackdown policy*—and not any official ordinance—was an unconstitutional policy that was the moving force behind his unconstitutional treatment.

According to Groden's complaint, this crackdown policy was unconstitutional. He alleges that the crackdown policy consisted of arresting individuals who were not committing any crimes. He further alleges that this policy of arresting vendors without probable cause was carried out "to prevent vendors . . . from exercising their First Amendment rights" in a way that was annoying local businesses. To support this claim, Groden cites emails local businesses sent to police complaining of vendors and providing descriptions, apparently so police could target those vendors. If the city had a policy of arresting people without probable cause in retaliation for annoying-but-protected speech, such a policy would be unconstitutional. *See Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012). Since Groden has alleged that the city had exactly this policy, he successfully alleged that the city had an unconstitutional policy, and the district court erred by dismissing his complaint on that ground. Further, Groden has pled that Officer Gorka arrested him based on this crackdown policy. He thus pled sufficient facts to show that the alleged crackdown policy—not the ordinance—was the moving force behind the city's alleged unconstitutional arrest.

Because none of the grounds cited by the district court support granting the motion to dismiss, we hold that the district court erred in granting that

No. 15-10073

motion.[9]

## IV.

The district court identified two reasons to dismiss Groden's complaint against the city of Dallas.  The first reason was founded on an error of law; the other was based on an erroneous reading of Groden's complaint.  Accordingly, we REVERSE the dismissal of Groden's complaint against the city of Dallas and REMAND the case to the district court for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

---

[9] Groden also argues that the district court erred by denying his motion for a new trial. He contends that he suffered prejudice from the absence of the city of Dallas in his trial against Officer Gorka.  We find no error in the district court's denial of this motion.