# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

DENNIS C. DAVIS,

Plaintiff-Appellant

v.

FAYETTE COUNTY APPRAISAL DISTRICT; RICHARD MORING, Chief Appraiser; LINDA WAGNER, Mineral Data Clerk; PERDUE BRANDON FIELDER COLLINS & MOTT, L.L.P.; JOHN T. BANKS; A. DYLAN WOOD,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1112

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dennis C. Davis, Texas prisoner # 1597434, appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that the defendants committed torts (e.g., intentional infliction of emotional distress) and violated the Texas Debt Collections Practices Act, the Fair Debt Collection Practices Act, and the Due Process Clause. He argued that the defendants engaged in improper debt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

collection practices by proceeding with a fraudulent lawsuit against him for outstanding property and ad valorem taxes. The district court reasoned that Davis's claims were time barred and did not set forth grounds for relief and, thus, granted the defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We review the dismissal de novo. *See Groden v. City of Dallas, Tex.*, 826 F.3d 280, 283 (5th Cir. 2016); *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005).

Davis has not shown that the district court erred in concluding that his claims were untimely and that his § 1983 complaint failed to state a claim. *See Price*, 431 F.3d at 892; *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The predicate for Davis's causes of actions – and the incident that gave rise to the purported injuries that are the grounds for his claims – was the filing and prosecution of the tax lawsuit. His claims accrued when he was served with the tax lawsuit in April 2012, or, at the latest, when the suit was mooted in January 2013 by the execution of a release of judgment lien. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Moreno v. Sterling Drug. Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). His § 1983 complaint, which was filed in April 2016, was not timely under the applicable statutes of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that, for § 1983 claims, federal courts use the limitations period for personal-injury actions); 15 U.S.C. § 1692k(d); TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Davis seeks to invoke the discovery rule, which provides that the statute of limitations begins when the plaintiff discovered or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury. *See Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988); *see also Wallace*, 549 U.S. at 394 (indicating that state law controls the tolling rules for § 1983 claims). However, even if the discovery rule applied, Davis has not shown that the tax

No. 18-20468

lawsuit did not alert him to the possible injury and the grounds for his causes of action.  Because there was no meaningful lag between the allegedly wrongful conduct and Davis's awareness of the resulting harm, use of the discovery rule would not affect the timeliness of his claims.  *See Comput. Assocs. Int'l., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996); *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 583, 585 (Tex. App. 1991).

Additionally, Davis argues that the limitations periods should have been tolled until he completed his appeal of the judgment in the tax lawsuit.  He has not established, however, that the availability of appellate procedures affected when his causes of actions accrued.  While Texas rules allow tolling if a plaintiff is precluded from seeking legal remedies due to the pendency of another legal action, *see Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 684-85 (5th Cir. 1998), Davis has not established that the appeal was a predicate action for his § 1983 lawsuit, he had to finish his appeal before he could file a § 1983 action, tolling was required to protect him from taking contradictory positions, or his § 1983 complaint was contingent on the outcome of the appeal.  *See Gillig v. Nike, Inc.*, 602 F.3d 1354, 1358 (5th Cir. 2010); *Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 167 (Tex. App. 1996).

Davis also argues that the district court improperly refused to allow him to amend his complaint after the defendants submitted responsive pleadings. We review the denial of leave to amend for abuse of discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The record supports that the district court reasonably could have found that the amendments – which sought to raise new legal theories and causes of action based on the same factual predicate underlying the claims in his original and first amended complaints – were dilatory and belatedly filed.  *See Foman*, 371 U.S. at 182; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005).

3

No. 18-20468

Also, the district court could plausibly have found that Davis's delay in offering the amendments prejudiced the defendants and imposed unwarranted burdens on the court. *See Wright*, 415 F.3d at 391. Further, because Davis only offered conclusory allegations and legal conclusions in his proposed amendments, the district court properly could have found that the amendments were futile. *See id.*; *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770–71 (5th Cir. 1999).

In light of the foregoing, the district court's judgment is affirmed. Davis's motion for the appointment of counsel is denied because the present case does not present the exceptional circumstances required for such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Davis is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.