# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

No. 18-40917
Summary Calendar

EDDY LEE SPEARMAN,

> Plaintiff-Appellant

v.

WILLIAM STEPHEN; BRAD LIVINGSTON; JESSIE OWENS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTION DIVISION; BOARD OF PARDONS AND PAROLE,

> Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CV-140

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:*

Eddy Lee Spearman, former Texas prisoner # 1669714, appeals the dismissal of his 42 U.S.C. § 1983 complaint with prejudice as time barred. His complaint alleged a claim of false imprisonment, specifically, that he was incarcerated for 16 months and 12 days past his discharge date in relation to two sentences imposed by the state trial court in 1988.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40917

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 283 (5th Cir. 2016); *cf. Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005). Because no federal statute specifies a limitations period for § 1983 suits, federal law borrows the forum state's general personal injury limitations period. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the applicable period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Although the Texas limitations period applies, federal law governs when Spearman's claim accrued. *See Wallace*, 549 U.S. at 388. Under federal law, the statute of limitations commences when the plaintiff becomes aware that he has suffered an injury. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). Though Spearman argues that he did not learn of his true sentence discharge date until April 2014, his own pleadings indicate that he had sufficient information to know that his sentence had been miscalculated in 2007. *See id.* The instant complaint was filed in 2015, well after the expiration of the limitations period.

To the extent Spearman is arguing for tolling of the limitations period because he was of "unsound mind" at the time the cause of action accrued, *see* TEX. CIV. PRAC. & REM. CODE § 16.001(a)(2) and (b), he did not raise his current argument before the district court. Arguments not raised before the district court are forfeited and will not be considered on appeal unless the party can demonstrate "extraordinary circumstances." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Spearman makes no effort to establish extraordinary circumstances.

Spearman also contends that he was entitled to equitable tolling, asserting that the defendants fraudulently concealed information concerning the truth of his time calculation. This contention is unavailing. Nothing in

No. 18-40917

Spearman's complaint, as amended, suggests that the defendants actively concealed the existence of any cause of action. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Additionally, he had sufficient knowledge of the relevant facts by 2007 to end any estoppel effect that would otherwise apply. *See id.* Last, Spearman has not shown that he pursued his rights diligently. *See Hand v. Stevens Transp., Inc. Empl. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. Ct. App. 2002).

Accordingly, the district court did not err by concluding that Spearman's claim was time barred and dismissing the § 1983 complaint. *See Price*, 431 F.3d at 892; *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003).

We do not consider Spearman's claims, raised for the first time in his appeal, that the defendants discriminated against him because of his disabilities in violation of the Fourteenth Amendment, the Texas Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

AFFIRMED.